[981 NYS2d 573]

In the Matter of CHRISTOPHER P. HUMMEL (Admitted as CHRISTOPHER PHILIP HUMMEL), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 12, 2014

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey, dated February 27, 2013, and filed February 8, 2013 (213 NJ 61, 60 A3d 493 [2013]), the respondent was, inter alia, disbarred and permanently restrained from the practice of law in that state, upon a finding that he violated New Jersey Rules of Professional Conduct rule 1.15 (knowing misappropriation of escrow funds). That order was predicated upon a decision, on default, of the New Jersey Disciplinary Review Board.

In a prior order of the Supreme Court of New Jersey, dated January 18, 2011 (204 NJ 594, 10 A3d 225 [2011]), the respondent was temporarily suspended from the practice of law in that state, effective immediately and until further order of that court, as a result of his having failed to appear in response to an order to show cause seeking his temporary suspension.

A notice pursuant to 22 NYCRR 691.3 was personally served upon the respondent on July 12, 2013, according him the opportunity, within 20 days of the giving of such notice, to file a verified statement setting forth any defense enumerated under subdivision (c) and a written demand for a hearing, and advising that, in default of such filing, this Court will impose such discipline or take such disciplinary action as it deems appropriate (*see* 22 NYCRR 691.3 [b]). More than 20 days have elapsed since service of said notice, without any response from the respondent having been received.

Inasmuch as the respondent has failed to set forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) or request a hearing pursuant to 22 NYCRR 691.3 (d), there is no impediment to the imposition of reciprocal discipline.

Under the totality of the circumstances, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in New York.

Eng, P.J., Mastro, Rivera, Skelos and Chambers, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Christopher P. Hummel, admitted as Christopher Philip Hummel, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law in New York; and it is further,

Ordered that the respondent, Christopher P. Hummel, admitted as Christopher Philip Hummel, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christopher P. Hummel, admitted as Christopher Philip Hummel, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Christopher P. Hummel, admitted as Christopher Philip Hummel, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).